865 F.2d 259
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
SHELTON HEATING AND AIR CONDITIONING CO., Respondent.
 No. 88-6198.
 United States Court of Appeals, Sixth Circuit.
 Dec. 22, 1988.
 ORDER
 
 1
 Before BOYCE F. MARTIN Jr. and NATHANIEL R. JONES, Circuit Judges and JOHN FEIKENS, Senior District Judge.*
 
 
 2
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, Shelton Heating and Air Conditioning Co., Toledo, Ohio, its officers, agents, successors, and assigns, enforcing its order dated July 29, 1988, in Case Nos. 8-CA-20560, 8-CA-20561 and 8-CA-20580, and the Court having considered the same, it is hereby
 
 
 3
 ORDERED AND ADJUDGED by the Court that the Respondent, Shelton Heating and Air Conditioning Co., Toledo, Ohio, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from
 
 4
 (a) Refusing to bargain collectively with United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry, Local Union No. 50 a/w United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry, AFL-CIO; Sheet Metal Workers International Association, Local Union No. 6 a/w Sheet Metal Workers International Association, AFL-CIO; and International Brotherhood of Electrical Workers, Local Union No. 1076 a/w International Brotherhood of Electrical Workers, AFL-CIO by refusing to furnish the Unions with requested information necessary for and relevant to the Unions' performance as exclusive bargaining representatives of the employees in their respective bargaining units. The units are:
 
 
 5
 Plumbers and Pipefitters and Electrical Workers Unit
 
 
 6
 All employees engaged in the installation and service of automatic heating and air conditioning equipment and controls, including all types of oil burners, gas burners, stokers, electric furnaces, air conditioning and automatic control systems, solar heating systems, and the installation and service of refrigeration systems in the following Ohio Counties: Defiance, Fulton, Hancock, Henry, Lucas, Ottawa, Paulding, Putnam, Sandusky, Seneca, Williams, and Wood, excluding all office clerical employees and professional employees, guards and supervisors as defined in the Act.
 
 Sheet Metal Workers Unit
 
 7
 All employees engaged in the manufacture, fabrication, assembling, handling, erection, installation, dismantling, conditioning, adjustment, alteration, repairing and servicing of all ferrous or nonferrous metal work and all other materials used in lieu thereof and of all air-veyor systems and air handling systems regardless of materials used, including the setting of all equipment, and all reinforcements in connection therewith; all lagging over insulation and all duct lining; testing and balancing of all air handling equipment and duct work; and the preparation of all shop and field sketches used in fabrication and erection, including those taken from original architectural and engineering drawings or sketches, excluding employees engaged in custom fabrication of non-building trade items, all office clerical employees and professional employees, guards and supervisors as defined in the Act.
 
 
 8
 (b) Refusing to bargain collectively with the Unions by refusing to bargain over the effects of the Respondent's cessation of operations.
 
 
 9
 (c) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 10
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 11
 (a) On request, furnish the Unions with the information requested in the Unions' letters dated July 2, 1987, concerning the Respondent's relationship with McKinney Heating.
 
 
 12
 (b) On request, bargain with the Unions over the effects of the cessation in operations, and pay limited backpay in the manner set forth in the remedy section of the Board's Decision.
 
 
 13
 (c) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this Judgment.
 
 
 14
 (d) Mail a copy of the attached notice marked "Appendix" to the last known addresses of all unit employees who were employed at its Toledo, Ohio facility immediately prior to the Respondent's cessation of operations in June 1987. Copies of the notice, on forms provided by the Regional Director for Region 8, after being signed by the Respondent's authorized representative, shall be mailed immediately upon receipt.
 
 
 15
 (e) Notify the said Regional Director, in writing, within 20 days from the date of this Judgment what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 16
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 17
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 18
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 19
 WE WILL NOT refuse to bargain collectively with United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry, Local Union No. 50 a/w United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry, AFL-CIO and International Brotherhood of Electrical Workers, Local Union No. 1076 a/w International Brotherhood of Electrical Workers, AFL-CIO by refusing to furnish the Unions with requested information necessary for and relevant to their function as exclusive bargaining representatives of employees in the following bargaining unit:
 
 
 20
 All employees engaged in the installation and service of automatic heating and air conditioning equipment and controls, including all types of oil burners, gas burners, stokers, electric furnaces, air conditioning and automatic control systems, solar heating systems, and the installation and service of refrigeration systems in the following Ohio Counties: Defiance, Fulton, Hancock, Henry, Lucas, Ottawa, Paulding, Putnam, Sandusky, Seneca, Williams, and Wood, excluding all office clerical employees and professional employees, guards and supervisors as defined in the Act.
 
 
 21
 WE WILL NOT refuse to bargain collectively with Sheet Metal Workers International Association, Local Union No. 6 a/w Sheet Metal Workers International Association, AFL-CIO by refusing to furnish the Union with requested information necessary for and relevant to the Union's performance of its function as the exclusive bargaining representative of the employees in the following bargaining unit:
 
 
 22
 All employees engaged in the manufacture, fabrication, assembling, handling, erection, installation, dismantling, conditioning, adjustment, alteration, repairing and servicing of all ferrous or nonferrous metal work and all other materials used in lieu thereof and of all air-veyor systems and air handling systems regardless of materials used, including the setting of all equipment, and all reinforcements in connection therewith; all lagging over insulation and all duct lining; testing and balancing of all air handling equipment and duct work; and the preparation of all shop and field sketches used in fabrication and erection, including those taken from original architectural and engineering drawings or sketches, excluding employees engaged in custom fabrication of non-building trade items, all office clerical employees and professional employees, guards and supervisors as defined in the Act.
 
 
 23
 WE WILL NOT refuse to bargain collectively with the Unions by refusing to bargain over the effects of our cessation of operations.
 
 
 24
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 25
 WE WILL, on request, furnish the Unions with the information requested concerning our relationship with McKinney Heating.
 
 
 26
 WE WILL, on request, bargain collectively with the Unions over the effects of our cessation of operations on the above unit employees.
 
 
 27
 WE WILL pay the employees in the bargaining units who were employed at the time of our cessation of operations in June 1987 their normal wages for a period of time required by the National Labor Relations Board.
 
 
 28
 SHELTON HEATING AND AIR CONDITIONING CO. (Employer)
 
 
 29
 Dated __________ By ____________________ (Representative) (Title)
 
 
 30
 This is an official notice and must not be defaced by anyone.
 
 
 31
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 1240 East Ninth Street, Cleveland, Ohio 44199-2086, Telephone 216-522-3733.
 
 
 
 *
 The Honorable John Feikens, U.S. Senior District Judge for the Eastern District of Michigan, sitting by designation